UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS EISELIN,<br><br>                              Plaintiff,<br><br>v.<br><br>USCIS SAN DIEGO,<br><br>                            Defendant. | Case No.: 23-CV-1961 JLS (AHG)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>(ECF No. 5) |

      Presently before the Court is Defendant United States Citizenship and Immigration Services' ("Defendant" or "USCIS") Motion to Dismiss Plaintiff's Complaint ("Mot.," ECF No. 5). Plaintiff Louis Eiselin, who is proceeding pro se, did not file a response.[1] For the reasons below, the Court **GRANTS** Defendant's Motion.

/ / /

---

[1] A district court may, pursuant to a local rule, grant a motion to dismiss for failure to respond. *See Ghazali v. Mora*n, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). Here, a local rule allows the Court to grant the Motion as unopposed. *See* CivLR 7.1(f)(3)(c). But before dismissing an action on those grounds, the Court must consider, among other factors, the "availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). Such "less drastic sanctions" include the "adjudication of the motion without the benefit of plaintiffs' arguments in opposition." *Wystrach v. Ciachurski*, 267 F. App'x 606, 608 (9th Cir. 2008). Upon review of the record, the Court exercises its discretion to adopt the lesser sanction and adjudicate Defendant's Motion in lieu of dismissing the action pursuant to Civil Local Rule 7.1(f)(3)(c).

## BACKGROUND

Plaintiff initiated this action on August 8, 2023, by filing a "Claim and Order" ("Compl.," ECF No. 1-2 at 20–24)[2] in the Small Claims Division of the San Diego Superior Court. ECF No. 1-2 at 20. The Complaint alleges that Plaintiff made two payments to USCIS to "receive [his] U.S. Citizenship document": $65.00 on March 18, 1999, and $555.00 on September 3, 2022. *Id.* at 21–22. Plaintiff claims he is now in possession of a "USCIS document" that makes the following statement: "If you are a veteran of the U.S. armed forces," there "is NO fee." *Id.* at 21. The Complaint thus seeks to recover a total of $620 in erroneously collected fees from USCIS. *See id.*

On October 25, 2023, Defendant removed Plaintiff's case to this Court pursuant to 28 U.S.C. § 1442(a)(1), noting that Plaintiff's claim constituted a civil action against an agency of the United States. *See generally* Notice of Removal ("NOR"), ECF No. 1. After Defendant filed an *Ex Parte* Application seeking clarification on filing deadlines, the Court ordered Defendant to respond to the Complaint on or before December 26. *See* ECF Nos. 3, 4. The instant Motion followed on December 20. The Court issued a briefing schedule the next day, which required Plaintiff to respond to the Motion by February 8, 2024. *See* ECF No. 6. After Plaintiff failed to timely file opposition papers, the Court took this matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). *See* ECF No. 8.

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction and thus have an obligation to dismiss claims for which they lack subject-matter jurisdiction. *Demarest v. United States*, 718 F.2d 964, 965–66 (9th Cir. 1983). The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

---

[2] Pin citations to docketed material refer to the CM/ECF numbers electronically stamped at the top of each page.

Under Federal Rule of Civil Procedure 12(b)(1), a party may raise by motion the defense that the complaint lacks subject-matter jurisdiction via a facial or factual attack. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In a facial attack, such as the one here, "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A court resolves a facial attack as it would a Rule 12(b)(6) motion: "Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient . . . to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

When a party files a 12(b)(1) motion, "there is a presumption of a lack of jurisdiction until the plaintiff affirmatively proves otherwise." *Orient v. Linus Pauling Inst. of Sci. & Med.*, 936 F. Supp. 704, 706 (D. Ariz. 1996). At the same time, courts have a duty to liberally construe a pro se litigant's pleadings. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

## ANALYSIS

Defendant argues the Court lacks subject matter jurisdiction over this action due to the interplay of two legal concepts: sovereign immunity and the doctrine of derivative jurisdiction. For the reasons below, the Court agrees.

### I.  Legal Framework

#### *A.  Sovereign Immunity*

When a party sues the federal government, the law on which such action is based must generally contain an explicit waiver of sovereign immunity for subject matter jurisdiction to exist. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). "In sovereign immunity analysis, any lawsuit against an agency of the United States . . . is considered an action against the United States." *Balser v. Dep't of Just.*, 327 F.3d 903, 907 (9th Cir. 2003).

A waiver of sovereign immunity must be "'unequivocally expressed' in the text of a relevant statute." *Daniel v. Nat'l Park Serv.*, 891 F.3d 762, 768 (9th Cir. 2018) (quoting *United States v. Bormes*, 568 U.S. 6, 9–10 (2012)). A party suing the federal government bears the burden of identifying such an express statutory waiver. *See Hajro v. USCIS*, 811 F.3d 1086, 1101 (9th Cir. 2016). "[A]ny ambiguities in the statutory language are to be construed in favor of immunity." *Daniel*, 891 F.3d at 769 (emphasis omitted) (quoting *FAA v. Cooper*, 566 U.S. 284, 290 (2012)).

### B.   *Derivative Jurisdiction Doctrine*

Under the doctrine of derivative jurisdiction, where cases are "removed from state court pursuant to [28 U.S.C.] § 1442,"[3] the Court's "jurisdiction is derivative of the state court's jurisdiction." *In re Elko Cnty. Grand Jury*, 109 F.3d 554, 555 (9th Cir. 1997). In other words, "if a state court lacks jurisdiction over a case, a federal court does not acquire jurisdiction on removal." *Rodriguez v. United States*, 788 F. App'x 535, 536 (9th Cir. 2019). Accordingly, if the state court lacked jurisdiction here, "the proper remedy is to dismiss the case for lack of jurisdiction, not to remand the action to state court." *Kim v. Queens Med. Ctr.*, No. CV 19-00463 JMS-WRP, 2019 WL 11544491, at *4 (D. Haw. Dec. 27, 2019), *report and recommendation adopted*, 2020 WL 1044004 (D. Haw. Mar. 4, 2020).

## II.   Discussion

In this case, Defendant first argues that the United States "has not unequivocally waived its sovereign immunity to allow a state court to order reimbursement of citizenship-related fees." Mot. at 5. So, Defendant continues, the state court lacked jurisdiction over this action due to the principles of sovereign immunity. Defendant thus concludes that this Court also lacks jurisdiction under the doctrine of derivative jurisdiction. *See id.* Defendant is correct on all counts.

---

[3] Congress abolished the derivative jurisdiction doctrine with respect to the general removal statute. *See* 28 U.S.C. § 1441(f). The doctrine, however, remains "alive and well and applies to 28 U.S.C. § 1442 removals." *Glass v. Nat'l R.R. Passenger Corp.*, 570 F. Supp. 2d 1180, 1183 (C.D. Cal. 2008).

The California Superior Court lacked jurisdiction over this action. As discussed above, a plaintiff generally "bears the burden of showing an unequivocal waiver of immunity." *Baker v. United States*, 817 F.2d 560, 562 (9th Cir. 1987). That requirement applies regardless of whether a party first raises their claims in federal or state court. *See Cox v. U.S. Dep't of Agric.*, 800 F.3d 1031, 1032 (9th Cir. 2015) ("Because the record contains no evidence that USDA waived its sovereign immunity to the Coxes' petition, the Nevada state court lacked jurisdiction over the action."). And here, Plaintiff's filings do not identify a statutory waiver of sovereign immunity, nor discuss sovereign immunity at all. *See generally* ECF No. 1-2.

As the state court was without jurisdiction over this case, this action must be dismissed for lack of subject matter jurisdiction under the derivative jurisdiction doctrine. *See Cox*, 800 F.3d at 1032 (holding district court "was bound to dismiss" case for lack of jurisdiction "under the derivative jurisdiction doctrine," "rather than remand [it] to state court," where the state court lacked jurisdiction); *see also Kleidman v. Barash*, No. CV 22-610-DMG (JPRX), 2022 WL 1613019, at *2 (C.D. Cal. Apr. 21, 2022) ("Because the Superior Court lacked jurisdiction, and this Court's jurisdiction is derivative of the Superior Court's, this Court is compelled to dismiss this action for lack of jurisdiction."), *aff'd*, 2023 WL 9470708 (9th Cir. July 3, 2023).

### III.  Form of Dismissal and Leave to Amend

Defendant asks the Court to dismiss this case with prejudice. But 12(b)(1) dismissals are generally without prejudice, even when the dismissal is based on a failure to show a waiver of sovereign immunity. *See, e.g.*, *Norvell v. Sec'y of the Treasury*, 821 F. App'x 853, 854 (9th Cir. 2020) (affirming dismissal where plaintiff "failed to show that [a statute]'s waiver of sovereign immunity applie[d] to his claims," but "amend[ing] the judgment to reflect that the dismissal" was "without prejudice" because "a dismissal for lack of subject matter jurisdiction should be without prejudice"). Defendant does not explain why this general rule should not apply here.

/ / /

     Defendant is on firmer footing, however, in seeking a dismissal without leave to amend. True, a district court should typically "not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988)). But under the derivative jurisdiction doctrine, "a case filed in state court over which that court lacks jurisdiction is void from its very beginning." *Rubie's LLC v. First Am. Title Co.*, No. 118CV01052DADSKO, 2018 WL 6419674, at *4 (E.D. Cal. Dec. 6, 2018). As a result, this Court "has no jurisdiction to acquire over the case via removal." *Id.* The Court thus cannot grant Plaintiff leave to amend. *See Thibodeaux v. U.S. Postal Serv.*, No. 3:20-CV-0651 W (LL), 2021 WL 242974, at *2 (S.D. Cal. Jan. 25, 2021) (denying leave to amend where action was dismissed pursuant to the derivative jurisdiction doctrine); *Acosta v. Kijakazi*, No. 22-55288, 2023 WL 3033499, at *1 (9th Cir. Apr. 21, 2023) (finding "further amendment would be futile under the derivative jurisdiction doctrine," as the "district court lacked jurisdiction").

## CONCLUSION

     In light of the foregoing, the Court **DISMISSES** this action **WITHOUT PREJUDICE** and **WITHOUT LEAVE TO AMEND**. As this concludes the litigation in this matter, the Clerk of the Court **SHALL CLOSE** the file.

     **IT IS SO ORDERED.**

Dated: February 22, 2024

                                                    *Janis L. Sammartino*
                                                    Hon. Janis L. Sammartino
                                                    United States District Judge